IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

_____
                                    )
IN RE:                              )      Chapter 7
                                    )
DUNG V. NGUYEN and VIVI PHUONG BUI  )      Case No. 11-10617-RGM
                                    )
                  Debtors.          )
_____ )
                                    )
    JDC Fairfax, LLC                )
            Plaintiff               )
                                    )
    vs.                             )
                                    )
    DUNG V. NGUYEN and              )
          VIVI PHUONG BUI           )      Adversary Proceeding No. 11-01238
                                    )
            Defendants.             )
_____ )

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT NGUYEN'S MOTION TO EXTEND TIME**

Plaintiff JDC Fairfax, LLC ("**Plaintiff**") hereby files its Response to Defendant Nguyen's Motion to Extend Time for Defendant Nguyen to file responses to the discovery propounded on him and to extend the deadline for completing.  As discussed below, the Court should deny Defendant Nguyen's Motion due to his persistent failure to comply with his discovery obligations and reject his attempt to cure his many deficiencies "after the fact" by the filing of his belated Motion. In support thereof, the following is stated.

**1.    Statement of the Case.**

On April 29, 2011, Plaintiff filed its Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. §523(a)(2) (the "**Complaint**") against Defendants Dung V. Nguyen

Brian M. Grindall, Esq.      Bar No. 71654
**TENENBAUM & SAAS, P.C.**
4505 Walsh Street, Ste. 200
Chevy Chase, Maryland 20815
(301) 961-5300
BGrindall@tspclaw.com
*Counsel for JDC Fairfax, LLC*

("**Nguyen**") and Vivi Phuong Bui.  The Defendants are currently indebted to Plaintiff under a Guaranty dated November 19, 2007 ("**Guaranty**") for a Lease dated November 19, 2007 ("**Lease**") by and between Plaintiff, as landlord, and Evian Spa Corp., a Virginia corporation ("**Tenant**"), as tenant, for premises located in a shopping center owned by Plaintiff in the City of Fairfax, Fairfax County.  On or about May 14, 2010, the Fairfax County Circuit Court entered a judgment in favor of Plaintiff against Defendant Nguyen in the amount of $123,881.89 with interest thereon at 6% from the date until paid, together with pre-judgment interest of $2,610.39, legal fees of $13,330.00 and court costs of $168.00.  As set forth in the Complaint, Landlord seeks to have this Court determine that the Defendants' indebtedness to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) due to the fact that the Defendants provided a materially false personal financial statement (the "**Financial Statement**") to Plaintiff as an inducement for Plaintiff to enter into the Lease.  On May 31, 2011, Defendants filed an Answer and Grounds for Defense claiming as their sole defense to the Complaint that the Financial Statement was "true to the best of their knowledge."

On April 29, 2011, this Court issued an Initial Scheduling Order (the "**Initial Scheduling Order**") providing for among other things (a) the attorneys to meet to formulate a discovery plan as required by Federal Rules of Bankruptcy Procedure 7026 no later than June 8, 2011, (b) the initial disclosures required by Federal Rules of Bankruptcy Procedure 7026 to be made not later than June 13, 2011, and (c) all discovery to be concluded by September 10, 2011.  Promptly following issuance of the Initial Scheduling Order and receipt by Defendants' Counsel of the Complaint and summons, Plaintiff's counsel repeatedly attempted to contact Defendants' counsel via telephone and electronic correspondence in a good faith effort to schedule the initial discovery meeting required by the Initial Scheduling Order and to otherwise comply with

Federal Rules of Bankruptcy Procedure and the Local Rules of this Court including discussing the possibility of settling the matter.  Copies of correspondences are attached hereto as **Exhibit A.** Defendants' counsel failed to respond to these requests.  Moreover, Defendants failed to provide the initial disclosures required by the Federal Rules of Bankruptcy Procedure and the Initial Scheduling Order notwithstanding Plaintiff's counsel's multiple requests.

On June 29, 2011, Plaintiff's counsel sent a letter entitled "Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant to Federal Rules of Bankruptcy Procedure 7026(f)" in which Plaintiff's counsel specified the many failures by the Defendants to comply with the Initial Scheduling Order and the Federal Rules of Bankruptcy Procedure and instructing the Defendants to respond within five (5) days of Plaintiff's letter otherwise Plaintiff would proceed with an appropriate remedy under the Federal Rules of Bankruptcy Procedures. A copy of the foregoing letter is attached hereto as **Exhibit B.**  On July 1, 2011, Defendants' counsel sent a short electronic correspondence indicating that he received Plaintiff's June 29, 2011 letter, acknowledging the discovery plan and stating "I am perfectly fine with the discovery plan as set forth in the Scheduling Order."  Additionally, on July 1, 2011, Defendants' counsel submitted Defendants' Initial Disclosures – well after the mandated June 13, 2011 deadline.

On July 27, 2011, Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories were served upon Defendants, along with a Notice of Deposition of the Defendants scheduled for August 29, 2011.  Defendants, through counsel, never indicated any objection or problem with the deposition proceeding as scheduled on August 29, 2011.

Not until Thursday, August 25, 2011 (only two business days prior to a deposition that had been scheduled almost thirty days earlier), did Plaintiff's counsel hear from Defendants'

counsel for the very first time, informing Plaintiff's counsel that Defendant Nguyen would be unavailable for his scheduled deposition because he was out of the United States, and that Defendants' counsel was unable to communicate with Defendant Nguyen due to the fact that he was in Vietnam indefinitely. Plaintiff's counsel responded by e-mail as follows:

> "I received no response to my letter dated July 27, 2011, copy attached, scheduling the depositions a month ago. Notification this morning of the scheduling problem noted below two business days before the scheduled deposition day, based upon Mr. Nguyen travel schedule, is unacceptable. We will be convening Mr. Nguyen's deposition as scheduled, and upon his failure to appear for the deposition (in conjunction with what we would expect to be his concurrent failure to timely respon[d] to our discovery requests), will result in us filing the appropriate motion with the Court for sanctions."

On August 27, 2011, Plaintiff received an unsigned electronic copy of Defendant Vivi Bui's Answers to Interrogatories and Defendant Vivi Bui's Responses to Document Production Requests. As of the date of filing of this response, Defendants have failed to deliver a signed copy of Defendant Vivi Bui's Answers to Interrogatories and Defendant Dung Nguyen's Answers to Interrogatories and Defendant Dung Nguyen's Responses to Document Production Requests.

On August 29, 2011, Defendant Nguyen failed to appear for his deposition. Plaintiff will be filing shortly a Motion for Entry of A Default Judgment as to Defendant Nguyen due to these many discovery violations. However, his wife (co-defendant) was deposed and she testified that that Defendant Nguyen has regularly communicated with their four (4) children who are in Defendant Bui's custody and her children would share information among Defendant Bui and Defendant Nguyen pursuant to these communications. Thus, Nguyen is not *in communiqué* and has the ability to receive information regarding these proceedings.

4

On August 25, 2011, Defendant Nguyen, by and through Defendants' counsel, filed the Motion to Extend Time to file responses to the discovery propounded on him and to extend the deadline for completing. In that Motion, Defendants' counsel notes the likelihood that he may have to withdraw as counsel for Defendant Nguyen in this proceeding.

**2.    Defendant Nguyen has repeatedly failed to comply with the discovery process and offers no good cause to extend the discovery period mandated in the Initial Scheduling Order.**

Conspicuously absent from the Motion and record is any disclosure of when Defendant Nguyen left the County, why he had to leave the United States despite his obligations to comply with his legal obligations in this proceeding, and when his counsel first learned that his client left the County. Indeed, the Motion states that: "To Counsel's knowledge, Mr. Nguyen is not aware of the pending requests nor of the scheduled Deposition on August 29, 2011." This acknowledgment demonstrates that Defendant Nguyen simply disregarded completely his duties with respect to this proceeding and left the United States without telling his counsel or giving any consideration to how his absence would prevent him (and his counsel) from complying with the various court orders and requirements under this rule.

This cavalier disregard for the importance of this legal proceeding is consistent with Nguyen's other conduct in this proceeding. During the entire course of discovery in this case, Defendant Nguyen has repeatedly failed to comply with the Initial Scheduling Order, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court including (a) failure to timely provide mandated initial disclosures and then to timely supplement the initial disclosures, (b) failure to respond to Plaintiff's First Request for Production of Documents, (c) failure to respond to Plaintiff's First Set of Interrogatories, (d) failure to appear for his deposition on August 29, 2011. Based upon Defendant Nguyen's conduct thus far in failing to comply with discovery

5

requirements, Defendant Nguyen has not earned the right to petition the Court to exercise its discretion to grant a further extension of the discovery period in order to cure, *after the fact,* his many violations of the discovery rules and Court orders.

Defendant Nguyen knew of his ongoing discovery obligations based upon the Initial Scheduling Order which was in existence prior to his departure. The dates governing the parties' discovery obligations are clearly stated in the Initial Scheduling Order issued by this Court on April 29, 2011 – well before Defendant Nguyen left the United States at some time in August or July according to Defendant Bui's testimony in her deposition and Defendants' counsel's correspondences. Moreover, on July 1, 2011, Defendant Nguyen's counsel stated that the discovery plan in the Initial Scheduling Order was acceptable and submitted initial disclosures on behalf of Defendant Nguyen. In addition, based upon Defendant Bui's deposition testimony that the Defendants' children have had ongoing communications with Defendant Nguyen during his travels to Vietnam, the Defendants have had sufficient opportunity to make Defendant Nguyen aware of Plaintiff's Requests for Production of Documents, Plaintiff's First Set of Interrogatories and the scheduled deposition. Given the long standing discovery schedule provided for in the Initial Scheduling Order as well as the July 1, 2011 communications and submissions, Defendant Nguyen was aware of the ongoing discovery requirements before he departed the United States.

Local Rule 7026-1(I) Discovery – Extensions provides that, *depending upon the facts of the particular case*, this Court has the discretion to allow an extension of the time provided by the Federal Rules of Civil Procedure, the Local Rules or a previous court order within which to respond to or complete discovery or to reply to discovery motions. Defendant Nguyen cites no equitable grounds relating to the facts of this case or legal basis justifying the requested

6

extension other than the fact that Defendant Nguyen voluntarily left the United States for an extended and indefinite duration in the middle of the court ordered discovery period – which absence in Defendants' counsel's own estimate has "no fixed date."[1]  Defendant Nguyen's Motion should be denied in view of the procedural history of this case, Defendant Nguyen's conduct in relation to his discovery obligations and his unavailability during discovery to further satisfy his obligations notwithstanding the fact that he knew discovery was ongoing.

      **WHEREFORE**, Plaintiff JDC Fairfax, LLC respectfully requests that the Court deny Defendant Nguyen's Motion to Extend the Discovery Period.

Dated:  September 8, 2011

Respectfully submitted,

    ___*Brian M. Grindall*_____
Brian M. Grindall, Esq.     Bar No. 71654
**TENENBAUM & SAAS, P.C.**
4505 Walsh Street, Ste. 200
Chevy Chase, Maryland 20815
(301) 961-5300
BGrindall@tspclaw.com
*Counsel for JDC Fairfax, LLC*

---

[1] Due to the fact that no one can confirm with certainty when Defendant Nguyen intends to return to the County, Defendant Nguyen's request for an extension begs the question of how long an extension is required to account for Defendant Nguyen's to conclude his vacation and return to the United States and then meaningfully comply with the outstanding discovery obligations.  Moreover, any extension will require the Court to alter the schedule of dates and procedure previously adopted by this Court in the Initial Scheduling Order – an outcome that is discouraged by Local Rule 7026-1(I) Discovery – Extensions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Entry of Appearance and Request for Notice was served on September 8, 2011 via Certified Mail or CM/ECF upon:

David C. Jones, Jr.
10617 Jones Street, Ste 301-A
Fairfax, Virginia 22030
(703) 273-7350
djones@dcjoneslaw.com
*Counsel for Debtor*

                                            ___/s/*Brian M. Grindall*_____

# **Exhibit A**

[See Attached Copies of Correspondences From Plaintiff's Counsel]

# Brian Grindall

| | |
|---|---|
| **From:** | Brian Grindall |
| **Sent:** | Friday, June 03, 2011 4:38 PM |
| **To:** | 'djones@dcjoneslaw.com' |
| **Subject:** | JDC Fairfax, LLC vs. Dung V. Nguyen and Vivi Phuong Bui: Initial Pretrial Conference |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

David:

Based upon your continued representation of the defendants in this matter (as most recently evidenced by your submission of an answer in this case), this is my third request for a telephonic initial pretrial conference with you to discuss among other things the initial disclosures and discovery plan for adversary proceeding 11-01238 in relation to the above referenced matter.  Please advise as to whether Monday afternoon or Tuesday afternoon next week is available.


Regards,

Brian M. Grindall

Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815

(301) 961-5300                    bgrindall@tspclaw.com

*This electronic mail transmission may contain confidential or privileged information.  If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.  Tax Advice Disclosure:  To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

## **Exhibit B**

[See Attached copy of the Plaintiff Counsel's Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant to Federal Rules of Bankruptcy Procedure 7026(f)]



Attorneys at Law
4504 Walsh Street
Suite 200
Chevy Chase, Maryland 20815
(301) 961-5300
Facsimile (301) 961-5305

*U.S. Certified Mail, Return Receipt Requested*
*And First Class, Postage Prepaid*
*And Electronic Mail*

June 29, 2011

David C. Jones, Jr.
10617 Jones Street, Ste 301-A
Fairfax, Virginia 22030

Re: JDC Fairfax, LLC v. Dung V. Nguyen and Vivi Phuong Bui
    Adversary Proceeding No. 11-01238

**Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant To Federal Rules of Bankruptcy Procedure 7026(f)**

Dear Mr. Jones:

Undersigned counsel represents JDC Fairfax, LLC (the "**Plaintiff**") in the above captioned Adversary Proceeding against Dung V. Nguyen and Vivi Phuong Bui (the "**Defendants**"). As you are aware, a Complaint to Determine Dischargeability of Debt was filed on behalf of Plaintiff on April 29, 2011. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") issued an Amended Summons and Notice (the "**Summons**") and an Initial Scheduling Order (the "**Scheduling Order**") on April 29, 2011. On May 31, 2011, you filed an Answer and Grounds of Defense on behalf of the Defendants (the "**Answer**").

Pursuant to the terms of the Scheduling Order and the requirements of Federal Rules of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(f), the attorneys and any party not represented by an attorney in this Adversary Proceeding shall meet no later than forty (40) days after issuance of the Summons (the "**Initial Discovery Meeting**"). I have personally called your office and sent you electronic correspondences on at least four occasions in a good faith attempt to schedule the Initial Discovery Meeting and, in each case, you have failed to respond. Further, notwithstanding the fact that you received the Summons and the Scheduling Order and filed the Answer on behalf of the Defendants, you have failed to otherwise initiate a discussion regarding matters subject to the Initial Discovery Meeting. Finally, Defendants have failed to provide the initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) pursuant to the terms of the Scheduling Order.

In light of the foregoing, the Defendants are in violation of the Scheduling Order, the Federal Rules of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(f). Unless the

TENENBAUM
& SAAS P.C.

Dung V. Nguyen and Vivi Phuong Bui
June 29, 2011
Page 2

foregoing violations are cured within five (5) business days of this letter, then Plaintiff will be required to pursue such remedies as may be available under the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the United States Bankruptcy Code and the Local Rules of the Court.

Please be governed accordingly.

Yours Truly

_____
Brian M. Grindall, Esq.