IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

```
_____
                                        )
IN RE:                                  )   Chapter 7
                                        )
DUNG V. NGUYEN and VIVI PHUONG BUI      )   Case No. 11-10617-RGM
                                        )
                    Debtors.            )
_____ )
                                        )
    JDC Fairfax, LLC                    )
          Plaintiff                     )
                                        )
    vs.                                 )
                                        )
    DUNG V. NGUYEN and                  )
          VIVI PHUONG BUI               )   Adversary Proceeding No. 11-01238
                                        )
          Defendants.                   )
_____ )
```

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 7037(d) AND
<u>ENTRY OF DEFAULT JUDGMENT</u>**

Plaintiff JDC Fairfax, LLC ("**Plaintiff**") hereby files its Motion for Sanctions Pursuant to Rule 7037(d) and For Entry Of Default Judgment against Defendant Dung V. Nguyen ("**Nguyen**") due to Defendant Nguyen's repeated failure to comply with his discovery obligations under the Initial Scheduling Order issued by this Court including the failure to appear at his deposition and the failure to timely respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Document Requests. Plaintiff has requested a hearing on this Motion. In support thereof, the following is stated.

Brian M. Grindall, Esq.        Bar No. 71654
**TENENBAUM & SAAS, P.C.**
4505 Walsh Street, Ste. 200
Chevy Chase, Maryland 20815
(301) 961-5300
BGrindall@tspclaw.com
*Counsel for JDC Fairfax, LLC*

**1.    Statement of the Case.**

On April 29, 2011, Plaintiff filed its Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. §523(a)(2) (the "**Complaint**") against Defendants Dung V. Nguyen ("**Nguyen**") and Vivi Phuong Bui.  The Defendants are currently indebted to Plaintiff under a Guaranty dated November 19, 2007 ("**Guaranty**") for a Lease dated November 19, 2007 ("**Lease**") by and between Plaintiff, as landlord, and Evian Spa Corp., a Virginia corporation ("**Tenant**"), as tenant, for premises located in a shopping center owned by Plaintiff in the City of Fairfax, Fairfax County.  On or about May 14, 2010, the Fairfax County Circuit Court entered a judgment in favor of Plaintiff against Defendant Nguyen in the amount of $123,881.89 with interest thereon at 6% from the date until paid, together with pre-judgment interest of $2,610.39, legal fees of $13,330.00 and court costs of $168.00.  As set forth in the Complaint, Landlord seeks to have this Court determine that the Defendants' indebtedness to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) due to the fact that the Defendants intentionally provided a materially false personal financial statement (the "**Financial Statement**") to Plaintiff as an inducement for Plaintiff to enter into the Lease.  On May 31, 2011, Defendants filed an Answer and Grounds for Defense claiming as their sole defense to the Complaint that the Financial Statement was "true to the best of their knowledge."

On April 29, 2011, this Court issued an Initial Scheduling Order (the "**Initial Scheduling Order**") providing for among other things (a) the attorneys to meet to formulate a discovery plan as required by Federal Rules of Bankruptcy Procedure 7026 no later than June 8, 2011, (b) the initial disclosures required by Federal Rules of Bankruptcy Procedure 7026 to be made not later than June 13, 2011, and (c) all discovery to be concluded by September 10, 2011.  Promptly following issuance of the Initial Scheduling Order and receipt by Defendants' Counsel of the

Complaint and summons, Plaintiff's counsel repeatedly attempted to contact Defendants' counsel via telephone and electronic correspondence in a good faith effort to schedule the initial discovery meeting required by the Initial Scheduling Order and to otherwise comply with Federal Rules of Bankruptcy Procedure and the Local Rules of this Court including discussing the possibility of settling the matter.  Copies of correspondences are attached hereto as **Exhibit A.** Defendants' counsel failed to respond to these requests.  Moreover, Defendants failed to provide the initial disclosures required by the Federal Rules of Bankruptcy Procedure and the Initial Scheduling Order notwithstanding Plaintiff's counsel's multiple requests.

On June 29, 2011, Plaintiff's counsel sent a letter entitled "Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant to Federal Rules of Bankruptcy Procedure 7026(f)" in which Plaintiff's counsel specified the many failures by the Defendants to comply with the Initial Scheduling Order and the Federal Rules of Bankruptcy Procedure and instructing the Defendants to respond within five (5) days of Plaintiff's letter otherwise Plaintiff would proceed with an appropriate remedy under the Federal Rules of Bankruptcy Procedures. A copy of the foregoing letter is attached hereto as **Exhibit B.**  On July 1, 2011, Defendants' counsel sent a short email indicating that he received Plaintiff's counsel's June 29, 2011 letter, acknowledging the discovery plan and stating "I am perfectly fine with the discovery plan as set forth in the Scheduling Order."  Additionally, on July 1, 2011, Defendants' counsel submitted Defendants' Initial Disclosures – well after the mandated June 13, 2011 deadline.

On July 27, 2011, Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories were served upon Defendants, along with a Notice of Deposition of

the Defendants scheduled for August 29, 2011. Defendants, through counsel, never indicated any objection or problem with the deposition proceeding as scheduled on August 29, 2011.

Not until Thursday, August 25, 2011 (only two business days prior to a deposition that had been scheduled almost thirty days earlier), did Plaintiff's counsel hear from Defendants' counsel for the very first time, informing Plaintiff's counsel that Defendant Nguyen would be unavailable for his scheduled deposition because he was out of the United States, and that Defendants' counsel was unable to communicate with Defendant Nguyen due to the fact that he was in Vietnam indefinitely. Plaintiff's counsel responded by e-mail as follows:

> "I received no response to my letter dated July 27, 2011, copy attached, scheduling the depositions a month ago. Notification this morning of the scheduling problem noted below two business days before the scheduled deposition day, based upon Mr. Nguyen travel schedule, is unacceptable. We will be convening Mr. Nguyen's deposition as scheduled, and upon his failure to appear for the deposition (in conjunction with what we would expect to be his concurrent failure to timely respon[d] to our discovery requests), will result in us filing the appropriate motion with the Court for sanctions."

On August 27, 2011, Plaintiff received an unsigned electronic copy of Defendant Vivi Bui's Answers to Interrogatories and Defendant Vivi Bui's Responses to Document Production Requests. As of the date of filing of this response, Defendants have failed to deliver a signed copy of Defendant Vivi Bui's Answers to Interrogatories and Defendant Dung Nguyen's Answers to Interrogatories and Defendant Dung Nguyen's Responses to Document Production Requests.

On August 29, 2011, Defendant Nguyen failed to appear for his deposition. However, his wife (co-defendant) was deposed and she testified that Defendant Nguyen has regularly communicated with their four (4) children who are in Defendant Bui's custody and her children would share information among Defendant Bui and Defendant Nguyen pursuant to these

4

communications. Thus, Nguyen is not *in communiqué* and has the ability to receive information regarding these proceedings.

On August 25, 2011, Defendant Nguyen, by and through Defendants' counsel, filed the Motion to Extend Time to file responses to the discovery propounded on him and to extend the deadline for completing. In that Motion, Defendants' counsel notes the likelihood that he may have to withdraw as counsel for Defendant Nguyen in this proceeding. On September 8, 2011, Plaintiff filed its Opposition to Defendant Nguyen's Motion to Extend Time.

**2.      Defendant Nguyen has repeatedly failed to comply with the discovery process in violation of the Court's Initial Scheduling Order including a failure to attend his own deposition, serve answers to interrogatories and respond to a request for production of documents.**

Defendant Nguyen's misconduct has effectively obstructed and interfered in every respect with Plaintiff's necessary discovery. During the entire course of discovery in this case, Defendant Nguyen has repeatedly failed to comply with the Initial Scheduling Order, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court including (a) the failure to timely provide mandated initial disclosures and then to timely supplement the initial disclosures, (b) the failure to respond to Plaintiff's First Request for Production of Documents, (c) the failure to respond to Plaintiff's First Set of Interrogatories, and (d) the failure to appear for his deposition on August 29, 2011. Further, the only attempt on the part of Defendant Nguyen to address any discovery obligations was a tardy filing of initial disclosures which are considerably inadequate given the nature of the claim raised in the Complaint. In Defendant Nguyen's Motion to Extend Time, he provides no justification for his repeated failures.

Rule 7037(d) of the Federal Rules of Bankruptcy Procedure governs situations where a party to an adversary proceeding action fails to appear for his deposition or fails to serve answers, objections or written responses to interrogatories, and provides for the Court to issue

5

sanctions against such party. *See* FED. R. BANKR. P. RULE 7037(d)(1)(A). Defendant Nguyen failed to appear for his August 29th deposition – notice of which had been served on Defendant Nguyen's counsel on July 27, 2011. Further, Defendant Nguyen failed to serve answers, objections or written responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Documents – which had been served on Defendant Nguyen's counsel on July 27, 2011. In response to conduct in violation of Rule 7037(d)(1)(A)(ii), Rule 7037(d)(3) provides that this Court may order sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). *See* FED. R. BANKR. P. RULE 7037(d)(3). The sanctions afforded in Rule 7037(b)(2)(A)(i)-(vi) include striking the pleadings of the disobedient party and rendering a judgment by default against the disobedient party. *See* FED. R. BANKR. P. RULE 7037(b)(2)(A)(i)-(vi).

Defendant Nguyen failed to appear for his August 29th deposition and Defendant Nguyen failed to serve answers, objections or written responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Documents. In addition, Defendant Nguyen has repeatedly failed to obey his many other obligations in the Initial Scheduling Order with respect to providing and permitting discovery. Defendant Nguyen's continued disregard for his discovery obligations is inexcusable. As provided for in the Federal Rules of Bankruptcy Procedure and the case law interpreting those rules, it is a well-settled principal of law that it is proper for the court to strike a party's pleadings and enter a default judgment against him when that party blatantly fails to comply with court's orders with respect to discovery. *See In re Sofro, 117 B.R. 745 at 751 (Bankr.S.D.Fla.1990); In re Olson, 105 B.R. 654 (Bankr.D.Kan.1989); Matter of International Food Corporation of American, 37 B.R. 22 (Bankr.M.D.Fla.1983); Matter of Visioneering Con-struction, 661 F.2d 119 (9th Cir.1981).* Consequently, it is not an abuse of discretion and is in fact proper to strike the pleadings of Defendant Nguyen and deeming as

6

admitted the allegations of Plaintiff's Complaint.  Further, upon striking Defendant Nguyen's answer, it is proper for a default judgment to be entered against him.

WHEREFORE, Plaintiff JDC Fairfax, LLC respectfully requests that the Court strike all of the pleadings of Defendant Nguyen and enter a final default judgment against him.

Dated:  September 11, 2011

Respectfully submitted,

___*Brian M. Grindall*_____
Brian M. Grindall, Esq.        Bar No. 71654
**TENENBAUM & SAAS, P.C.**
4505 Walsh Street, Ste. 200
Chevy Chase, Maryland 20815
(301) 961-5300
BGrindall@tspclaw.com
*Counsel for JDC Fairfax, LLC*

## RULE 7037(d)(1)(B) CERTIFICATE

**I HEREBY CERTIFY** that I have conferred or attempted to confer in good faith with Defendant Nguyen's counsel in an effort to obtain answers and responses to the matters associated with Defendant Ngueyn's August 29th deposition and Plaintiff's First Set of Interrogatories served upon Defendant Ngueyn.

___/s/*Brian M. Grindall*_____

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Motion was served on September 12, 2011 via Certified Mail or CM/ECF upon:

David C. Jones, Jr.
10617 Jones Street, Ste 301-A
Fairfax, Virginia 22030
(703) 273-7350
djones@dcjoneslaw.com
*Counsel for Debtor*

          ___/s/*Brian M. Grindall*_____

## **Exhibit A**

[See Attached Copies of Correspondences From Plaintiff's Counsel]

**Exhibit A**

[See Attached Copies of Correspondences From Plaintiff's Counsel]

# Brian Grindall

| | |
|---|---|
| **From:** | Brian Grindall |
| **Sent:** | Wednesday, May 18, 2011 12:22 PM |
| **To:** | 'djones@dcjoneslaw.com' |
| **Subject:** | JDC Fairfax, LLC vs. Dung V. Nguyen and Vivi Phuong Bui: Initial Pretrial Conference |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

David:

Following-up on the voicemail message I left you this afternoon, I would like to set a time for a telephonic initial pretrial conference with you to discuss among other things the initial disclosures and discovery plan for adversary proceeding 11-01238.  Please let me know what time may be convenient for you before next Tuesday, May 24th (the outside date per FRCP 7026(f)(1)).

Regards,

Brian M. Grindall

Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815

(301) 961-5300              bgrindall@tspclaw.com

*This electronic mail transmission may contain confidential or privileged information.  If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.  Tax Advice Disclosure:  To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

# Brian Grindall

| | |
|---|---|
| **From:** | Brian Grindall |
| **Sent:** | Friday, June 03, 2011 4:38 PM |
| **To:** | 'djones@dcjoneslaw.com' |
| **Subject:** | JDC Fairfax, LLC vs. Dung V. Nguyen and Vivi Phuong Bui: Initial Pretrial Conference |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

David:

Based upon your continued representation of the defendants in this matter (as most recently evidenced by your submission of an answer in this case), this is my third request for a telephonic initial pretrial conference with you to discuss among other things the initial disclosures and discovery plan for adversary proceeding 11-01238 in relation to the above referenced matter.  Please advise as to whether Monday afternoon or Tuesday afternoon next week is available.


Regards,

Brian M. Grindall

Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815

(301) 961-5300        bgrindall@tspclaw.com

*This electronic mail transmission may contain confidential or privileged information.  If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.*  Tax Advice Disclosure:  *To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

1

## **Exhibit B**

[See Attached copy of the Plaintiff Counsel's Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant to Federal Rules of Bankruptcy Procedure 7026(f)]

10



Attorneys at Law
4504 Walsh Street
Suite 200
Chevy Chase, Maryland 20815
(301) 961-5300
Facsimile (301) 961-5305

*U.S. Certified Mail, Return Receipt Requested*
*And First Class, Postage Prepaid*
*And Electronic Mail*

June 29, 2011

David C. Jones, Jr.
10617 Jones Street, Ste 301-A
Fairfax, Virginia 22030

Re: JDC Fairfax, LLC v. Dung V. Nguyen and Vivi Phuong Bui
    Adversary Proceeding No. 11-01238

**Notice of Failure to Meet for Initial Pretrial Conference and Failure to Provide Initial Disclosures Pursuant To Federal Rules of Bankruptcy Procedure 7026(f)**

Dear Mr. Jones:

Undersigned counsel represents JDC Fairfax, LLC (the "**Plaintiff**") in the above captioned Adversary Proceeding against Dung V. Nguyen and Vivi Phuong Bui (the "**Defendants**"). As you are aware, a Complaint to Determine Dischargeability of Debt was filed on behalf of Plaintiff on April 29, 2011. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") issued an Amended Summons and Notice (the "**Summons**") and an Initial Scheduling Order (the "**Scheduling Order**") on April 29, 2011. On May 31, 2011, you filed an Answer and Grounds of Defense on behalf of the Defendants (the "**Answer**").

Pursuant to the terms of the Scheduling Order and the requirements of Federal Rules of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(f), the attorneys and any party not represented by an attorney in this Adversary Proceeding shall meet no later than forty (40) days after issuance of the Summons (the "**Initial Discovery Meeting**"). I have personally called your office and sent you electronic correspondences on at least four occasions in a good faith attempt to schedule the Initial Discovery Meeting and, in each case, you have failed to respond. Further, notwithstanding the fact that you received the Summons and the Scheduling Order and filed the Answer on behalf of the Defendants, you have failed to otherwise initiate a discussion regarding matters subject to the Initial Discovery Meeting. Finally, Defendants have failed to provide the initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) pursuant to the terms of the Scheduling Order.

In light of the foregoing, the Defendants are in violation of the Scheduling Order, the Federal Rules of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(f). Unless the

**TENENBAUM & SAAS** P.C.

Dung V. Nguyen and Vivi Phuong Bui
June 29, 2011
Page 2

foregoing violations are cured within five (5) business days of this letter, then Plaintiff will be required to pursue such remedies as may be available under the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the United States Bankruptcy Code and the Local Rules of the Court.

Please be governed accordingly.

Yours Truly

*[signature]*
Brian M. Grindall, Esq.